# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| STEVE WILDMAN, et. al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:16-CV-00737-DGK |
| ) | |
| AMERICAN CENTURY SERVICES, LLC, ) | |
| et. al, ) | |
| ) | |
| Defendants. ) | |

## STIPULATED PROTECTIVE ORDER

Pending before the Court is the Parties' Joint Motion for Protective Order (Doc. 39), filed pursuant to Federal Rule of Civil Procedure 26(c). Adopting the parties' joint request, the Court GRANTS the motion and ORDERS as follows:

1. Any party to this litigation and any non-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing (hereinafter "Documents"): (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure ("Confidential Material"). Any party to this litigation or any non-party witness covered by this Order, who produces or discloses any Confidential Material (the "Producing Party"), including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following legend: "CONFIDENTIAL."

2. All Confidential Material shall be used by the party that receives such material (the "Receiving Party") solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 3, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. This Order has no effect upon, and shall not apply to, a Producing Party's use of its own Confidential Material for any purpose.

3. Confidential Material and the contents of Confidential Material may be disclosed only to the following individuals under the following conditions:

   a. Counsel of record, including outside counsel and relevant in-house counsel for the parties;

   b. Expert witnesses or consultants retained by a party or its counsel for purposes of this action, provided that they or someone else employed at the same entity have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

   c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

   d. The Court and court personnel

   e. Court reporters, stenographers, audio personnel, and videographers transcribing or recording depositions or testimony in this Action;

   f. Any deponent may be shown or examined on any information, document or thing designated Confidential, provided that such disclosure is reasonably necessary;

   g. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff and clerical employees whose duties and responsibilities require access to such materials, provided that they or someone else employed at the same entity have signed a non-disclosure agreement in the form attached hereto as Exhibit A or have otherwise agreed in writing to non-disclosure;

h. The parties. In the case of parties that are corporations or other business entities, "party" shall mean employees, officers, directors, representatives, general partners, limited partners, and affiliates; provided that such persons are assisting the party with this litigation;

i. A non-party (including a former officer, director, or employee of a Party) who authored or previously received the Confidential Material;

j. The parties' insurance carriers and the insurance carriers' coverage counsel, provided that they or someone else employed at the same entity have signed a non-disclosure agreement in the form attached hereto as Exhibit A; and

k. Any mediator or arbitrator engaged by the named Parties to this action.

4. Confidential Material shall be used only by individuals permitted access to it under Paragraph 3. Confidential Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other person, until and unless (a) the party or witness asserting confidentiality waives the claim of confidentiality, or (b) the Court allows such disclosure.

5. With respect to any depositions that involve a disclosure of Confidential Material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. Confidential Material in a deposition transcript shall be designated as follows:

a. A list of page and line numbers of such designations shall be provided by counsel for any party or non-party within such thirty (30) day period. If designated as Confidential within the thirty (30) day period, the following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Material: "CONFIDENTIAL" (where the entire transcript is designated as such) or "CONTAINS CONFIDENTIAL MATERIAL" where portions of the transcript are designated as such by identifying the Confidential Material therein by page and line).

b. If portions of a video-recorded deposition are designated as Confidential, the video recording shall be labeled with the same legends, as appropriate. If a Document that has been designated as Confidential is marked as an exhibit in a deposition, that

3

exhibit shall be treated as Confidential or under this Protective Order without the need for further designation by counsel as set forth in this paragraph.

6. No deposition transcript shall be disclosed to any person other than the persons described in Paragraph 3 and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3 above during said thirty (30) days.

7. In the event that any Confidential Material is included with, or the contents thereof are in any way disclosed, in any pleading, motion, or other paper to be filed with the Clerk of this Court, the filing party shall move to file such pleading, motion, or other paper under seal pursuant to all applicable terms and requirements of the Local Rules and Federal Rules of Civil Procedure. In connection with such motion, the Party that designated the material Confidential shall have the burden under applicable law of showing that such material contains confidential information and should be maintained under seal. Confidential Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Material at issue. Nothing in this Protective Order shall prevent the Court from disallowing the filing of designated Confidential Material under seal. If the Court so disallows, such Confidential Material shall be placed in the public case file. The ultimate disposition of Confidential Material filed under seal with the Court will be subject to a final order of the Court upon the completion of this action.

8. If counsel for a Receiving Party hereunder objects to designation of any or all of such items as Confidential, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on the Producing Party a written objection to such designation, which shall describe with particularity the Documents in question and shall state the grounds for objection. Counsel for the Producing Party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the Documents are

Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the Producing Party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

    b.    If a dispute as to a Confidential designation of a Document cannot be resolved by agreement, the Receiving Party may present the dispute to the Court in a formal motion for an order regarding the challenged designation, which shall be filed under seal to the extent that it refers to the substance of the Document. The Document that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

9.    If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential information, it may do so only after giving notice to the Producing Party.

10.    To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Protective Order.

11.    When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the

5

producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to claim waiver of privilege or to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

12. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential Material under this Protective Order.

13. This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

14. This Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

15. Within 30 days of the final conclusion of this litigation (including the exhaustion of any appeals), each party or other individual subject to the terms hereof shall be under an obligation to to return to the originating source, or to destroy, all originals and unmarked copies of documents and things containing Confidential Material, if requested by the producing party; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Protective Order. To the extent a party requests the return of Confidential Material from the Court after the final

conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

16. A non-party from whom discovery is sought by the parties to this action may designate discovery Material as "Confidential" pursuant to and consistent with the terms of this Stipulation and Order. Under such circumstances, any Material designated "Confidential" by a non-party shall be afforded the same protections as Material so designated by a party, and all duties applicable to a Disclosing Party under this Stipulation and Order shall apply to a non-party designating Material "Confidential." All obligations applicable under this Stipulation and Order to Parties receiving Confidential Material shall apply to any Party receiving Confidential Material from such non-party.

**IT IS SO ORDERED.**

       /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: November 17, 2016