# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI - WESTERN DIVISION

STEVE WILDMAN AND JON )
BORCHERDING, INDIVIDUALLY AND )
AS REPRESENTATIVES OF A CLASS )
OF SIMILARLY SITUATED PERSONS, )
AND ON BEHALF OF THE AMERICAN )
CENTURY RETIREMENT PLAN, )
)
     **Plaintiffs,** ) **CASE NO. 16-CV-737**
**v.** )
)
AMERICAN CENTURY SERVICES, LLC, )
THE AMERICAN CENTURY )
RETIREMENT PLAN RETIREMENT )
COMMITTEE, AMERICAN CENTURY )
INVESTMENT MANAGEMENT, INC., )
AMERICAN CENTURY COMPANIES, )
INC., CHRISTOPHER BOUFFARD, )
BRADLEY C. CLOVERDYKE, )
JOHN A. LEIS, TINA S. USSERY- )
FRANKLIN, MARGARET E. VAN )
WAGONER, GUDRUN S. NEUMANN, )
JULIE A. SMITH, MARGIE A. )
MORRISON, CHAT COWHERD, DIANE )
GALLAGHER AND JOHN DOES 1-20, )
)
     **Defendants.** )

## DEFENDANTS' ANSWER TO THE FIRST AMENDED COMPLAINT

Defendants American Century Services, LLC ("ACS"), the American Century Retirement Plan Retirement Committee (the "Committee"), American Century Investment Management, Inc. ("ACIM"), American Century Companies, Inc. ("ACC"), Christopher Bouffard ("Bouffard"), Bradley Cloverydyke ("Cloverdyke"), John A. Leis ("Leis"), Tina S. Ussery-Franklin ("Ussery-Franklin"), Margaret E. Van Wagoner ("Van Wagoner"), Gudrun S. Neumann ("Neumann"), Julie A. Smith ("Smith"), Margie Morrison ("Morrison"), Chat Cowherd ("Cowherd), and Diane Gallagher ("Gallagher", and, collectively, "Defendants") hereby answer Plaintiffs' First Amended Complaint (the "Amended Complaint") and state as follows:

1.      In response to the allegations contained in Paragraph 1 of the Amended Complaint, Defendants admit that Plaintiffs purport to bring claims under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), in their individual capacity and on behalf of the American Century Retirement Plan (the "Plan"), and deny that Plaintiffs have any claims against Defendants.

2.      Defendants neither admit nor deny the allegations contained in Paragraph 2 of the Amended Complaint, which constitute Plaintiffs' characterizations of the cited documents, and respectfully refer the Court to the cited documents for the exact content and context thereof.

3.      Defendants neither admit nor deny the allegations contained in the second and fourth sentences of Paragraph 3 of the Amended Complaint, which constitute legal conclusions as to which no response is required.  Defendants otherwise deny the allegations contained in Paragraph 3.

4.      Defendants neither admit nor deny the allegations contained in Paragraph 4 of the Amended Complaint, which constitute Plaintiffs' characterizations of the cited document, and

respectfully refer the Court to the cited document for the exact content and context thereof.

5.     Defendants neither admit nor deny the allegations contained in Paragraph 5 of the Amended Complaint, which constitute legal conclusions as to which no response is required.

6.     Defendants deny the allegations contained in Paragraph 6 of the Amended Complaint.

7.     Defendants deny the allegations contained in Paragraph 7 of the Amended Complaint.

8.     Defendants deny the allegations contained in Paragraph 8 of the Amended Complaint.

9.     Defendants admit that, during the putative class period the Plan offered participants the option of investing in American Century-affiliated mutual funds.  Defendants otherwise deny the allegations contained in Paragraph 9 of the Amended Complaint.

10.     In response to the allegations contained in Paragraph 10 of the Amended Complaint, Defendants admit that Plaintiffs purport to bring claims under ERISA, and deny that Plaintiffs have any claims against Defendants.

11.     Defendants neither admit nor deny the allegations contained in Paragraph 11 of the Amended Complaint, which constitute legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny that Plaintiffs have any claims against Defendants.

12.     Defendants neither admit nor deny the allegations contained in Paragraph 12 of the Amended Complaint, which constitute legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny that Plaintiffs have any claims against Defendants.

13.    Defendants neither admit nor deny the allegations contained in Paragraph 13 of the Amended Complaint, which constitute legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny that Plaintiffs have any claims against Defendants.

14.    Defendants admit that Plaintiff Steve Wildman ("Wildman") has participated in the Plan since 2005. Defendants further admit that Wildman has invested his Plan account in several different funds offered within the Plan, including funds that were and are managed by ACIM. Defendants deny the allegations that the investment options offered to participants are imprudent and deny the allegations third sentence of Paragraph 14 of the Amended Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14.

15.    Defendants admit that Plaintiff Jon Borcherding ("Borcherding") had invested his Plan account in several different funds offered within the Plan during the time in which he was a Plan participant, but deny that those funds were all managed by ACIM and deny that Borcherding stopped being a participant in the Plan in 2012. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of Paragraph 15. Defendants otherwise deny the remaining allegations contained in Paragraph 15.

16.    Defendants admit the allegations contained in Paragraph 16 of the Amended Complaint.

17.    Defendants admit the allegations contained in Paragraph 17 of the Amended Complaint.

18.    Defendants admit the allegations contained in Paragraph 18 of the Amended

Complaint.

19.    Defendants admit the allegations contained in Paragraph 19 of the Amended Complaint.

20.    Defendants admit the allegations contained in the first, third, and fourth sentences of Paragraph 20 of the Amended Complaint. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 20. Defendants neither admit nor deny the allegations contained in footnote 1, which either contain legal conclusions as to which no response is required or constitute Plaintiffs' characterizations of the cited documents. Defendants respectfully refer the Court to the cited documents for the exact content and context thereof.

21.    Defendants admit the allegations contained in the first sentence of Paragraph 21 of the Amended Complaint. Defendants further admit that the Committee determines the investments available as a part of the Plan's core lineup and determines whether to offer a brokerage window, but deny the remaining allegations contained in Paragraph 21. Defendants otherwise neither admit nor deny the allegations contained in footnote 2, which constitute Plaintiffs' characterizations of the cited document, and respectfully refer the Court to the cited document for the exact content and context thereof.

22.    Defendants neither admit nor deny the allegations contained in the first two sentences of Paragraph 22 of the Amended Complaint, which constitute Plaintiffs' characterizations of the Plan's summary plan descriptions, and respectfully refer the Court to the summary plan descriptions cited for the exact content and context thereof. Defendants deny the allegations contained in the third and fourth sentences of Paragraph 22.

23.    Defendants admit that ACS is located in Kansas City, Missouri and is a subsidiary

4

of ACC. Defendants neither admit nor deny the remaining allegations contained in Paragraph 23 of the Amended Complaint, which either contain legal conclusions as to which no response is required or constitute Plaintiffs' characterizations of the 2014 Restatement of the American Century Retirement Plan (the "Plan Document") and the Form 5500s referenced in Paragraph 23. Defendants respectfully refer the Court to the Plan Document and Forms 5500 referenced for the exact content and context thereof.

24. Defendants neither admit nor deny the allegations contained in Paragraph 24 of the Amended Complaint, which either contain legal conclusions as to which no response is required or constitute Plaintiffs' characterizations of the Plan Document. Defendants respectfully refer the Court to the Plan Document for the exact content and context thereof.

25. Defendants admit that ACS acts as a transfer agent and dividend-paying agent for certain mutual funds in the Plan, and deny the remaining allegations contained in the first sentence of Paragraph 25 of the Amended Complaint. Defendants further admit the allegations contained in the third and fourth sentences of Paragraph 25. Defendants deny the remaining allegations contained in Paragraph 25 of the Amended Complaint.

26. Defendants admit that the individuals specifically identified in Paragraph 26 have been or are members of the Committee, and that Plaintiffs use the moniker "John Does 1-10" as indicated therein. Defendants neither admit nor deny the remaining allegations contained in Paragraph 26 of the Amended Complaint, which either contain legal conclusions as to which no response is required or constitute Plaintiffs' characterizations of the Plan Document. Defendants respectfully refer the Court to the Plan Document for the exact content and context thereof.

27. Defendants admit that Bouffard was Vice President of Portfolio Research, but deny that he was employed at ACIM. Defendants further admit that Bouffard was a member of

5

the Committee from 2010 at the latest until 2013.

28. Defendants deny the allegations contained in the first sentence of Paragraph 28 of the Amended Complaint. Defendants further admit that Cloverdyke was a member of the Committee from 2010 at the latest until 2012.

29. Defendants admit that Leis is a Vice President, but deny that he holds that title at all "American Century" entities. Defendants further admit that Leis has been a member of the Committee since 2010 at the latest.

30. Defendants admit that Ussery-Franklin is employed at American Century Investment Services, Inc. ("ACIS"), but deny that she is a broker. Defendants further admit that Ussery-Franklin was a member of the Committee from 2010 at the latest until 2012.

31. Defendants admit that Van Wagoner was employed at ACIS, but deny that her job title was "broker". Defendants further admit that Van Wagoner was a member of the Committee from 2010 at the latest until 2014.

32. Defendants admit that Neumann is a Chief Technology Officer, but deny that he holds that title at all "American Century" entities. Defendants further admit that Van Wagoner was a member of the Committee from 2012 until 2014.

33. Defendants admit that Smith is a Vice President, but deny that she holds that title at all "American Century" entities or that she is the Vice President of "Human Resources." Defendants further admit that Smith has been a member of the Committee since 2012.

34. Defendants admit the allegations contained in the first sentence of Paragraph 34 of the Amended Complaint. Defendants further admit that Morrison has been a member of the Committee since 2013 at the latest.

35. Defendants deny the allegations contained in the first sentence of Paragraph 35 of

the Amended Complaint. Defendants admit that Cowherd began serving on the Committee in 2014.

36. Defendants deny the allegations contained in the first sentence of Paragraph 36 of the Amended Complaint. Defendants admit that Gallagher began serving on the Committee in 2014.

37. Defendants admit that ACIM is a subsidiary of ACC, that it is a manager to some of the investments that are available under the Plan, and further that it is a participating employer in the Plan. Defendants deny the allegations contained in the third and fourth sentences of Paragraph 37. Defendants neither admit nor deny the remaining allegations contained in Paragraph 37, which constitute legal conclusions as to which no response is required.

38. Defendants admit that employees of ACIM have served on the Committee and that ACS acts as a transfer-agent and dividend-paying agent for certain American Century mutual funds that are made available under the Plan. Defendants neither admit nor deny the remaining allegations contained in Paragraph 38 of the Amended Complaint, which either contain legal conclusions as to which no response is required or constitute Plaintiffs' characterizations of the referenced documents. Defendants respectfully refer the Court to the referenced documents for the exact content and context thereof. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 38 and deny that Plaintiffs have any claims against Defendants..

39. Defendants admit that ACC directly owns ACIM and that it is a participating employer in the Plan. Defendants deny the allegations contained in the third sentence of Paragraph 39. Defendants neither admit nor deny the remaining allegations contained in Paragraph 39, which constitute legal conclusions as to which no response is required. To the

extent a response is required, Defendants deny the remaining allegations contained in Paragraph 39 and deny that Plaintiffs have any claims against Defendants..

40.     Defendants admit that Plaintiffs purport to sue John Doe individuals, but neither admit nor deny the remaining allegations contained in Paragraph 40 of the Amended Complaint, which constitute legal conclusions as to which no response is required.

41.     Defendants neither admit nor deny the allegations contained in Paragraph 41 of the Amended Complaint, which constitute legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny that Plaintiffs have any claims against Defendants.

42.     Defendants neither admit nor deny the allegations contained in Paragraph 42 of the Amended Complaint, which constitute legal conclusions as to which no response is required.

43.     Defendants neither admit nor deny the allegations contained in Paragraph 43 of the Amended Complaint, which constitute legal conclusions as to which no response is required.

44.     Defendants neither admit nor deny the allegations contained in Paragraph 44 of the Amended Complaint, which constitute legal conclusions as to which no response is required.

45.     Defendants neither admit nor deny the allegations contained in Paragraph 45 of the Amended Complaint, which constitute legal conclusions as to which no response is required.

46.     Defendants neither admit nor deny the allegations contained in Paragraph 46 of the Amended Complaint, which constitute legal conclusions as to which no response is required.

47.     Defendants neither admit nor deny the allegations contained in Paragraph 47 of the Amended Complaint, which constitute legal conclusions as to which no response is required.

48.     Defendants neither admit nor deny the allegations contained in Paragraph 48 of the Amended Complaint, which constitute legal conclusions as to which no response is required.

49.     Defendants neither admit nor deny the allegations contained in Paragraph 49 of the Amended Complaint, which constitute legal conclusions as to which no response is required.

50.     Defendants neither admit nor deny the allegations contained in Paragraph 50 of the Amended Complaint, which constitute legal conclusions as to which no response is required.

51.     Defendants neither admit nor deny the allegations contained in Paragraph 51 of the Amended Complaint, which constitute legal conclusions as to which no response is required.

52.     Defendants neither admit nor deny the allegations contained in Paragraph 52 of the Amended Complaint, which constitute legal conclusions as to which no response is required.

53.     Defendants neither admit nor deny the allegations contained in Paragraph 53 of the Amended Complaint, including those contained in footnote 3, which constitute legal conclusions as to which no response is required.

54.     Defendants neither admit nor deny the allegations contained in Paragraph 54 of the Amended Complaint, which constitute Plaintiffs' characterizations of the cited document, and respectfully refer the Court to the cited document for the exact content and context thereof.

55.     Defendants neither admit nor deny the allegations contained in Paragraph 55 of the Amended Complaint, which constitute broad introductory statements unrelated to the Plan, Plaintiffs, or Defendants and as to which no response is required.

56.     Defendants admit the allegations contained in the second and third sentences of Paragraph 56 of the Amended Complaint with respect to certain mutual funds within the Plan. Defendants neither admit nor deny the allegations contained in the first sentence of Paragraph 56, which constitute broad introductory statements unrelated to the Plan, Plaintiffs, or Defendants and as to which no response is required

57.     Defendants neither admit nor deny the allegations contained in Paragraph 57 of

the Amended Complaint, which either contain legal conclusions as to which no response is required or constitute Plaintiffs' characterizations of the referenced documents. Defendants respectfully refer the Court to the referenced documents for the exact content and context thereof.

58.     Defendants admit that the Plan offers participants the option of opening a self-directed brokerage account that gives them access to a broad array of investments including, but not limited to, stocks, bonds and mutual funds. Defendants neither admit nor deny the allegations contained in the first, fourth, and fifth sentences of Paragraph 58 of the Amended Complaint, which constitute Plaintiffs' characterizations of the documents cited therein, and respectfully refer the Court to the documents described in Paragraph 58 for the exact content and context thereof. Defendants otherwise deny the allegations contained in Paragraph 58. Defendants neither admit nor deny the allegations contained in footnote 4, which contain legal conclusions as to which no response is required.

59.     Defendants neither admit nor deny the allegations contained in the first sentence of Paragraph 59 of the Amended Complaint, which constitute legal conclusions as to which no response is required. Defendants neither admit nor deny the remaining allegations contained in Paragraph 59, which constitute Plaintiffs' characterizations of the documents cited therein, and respectfully refer the Court to the documents cited in Paragraph 59 for the exact content and context thereof.

60.     Defendants admit that participants chose to invest less than 7% of the Plan's assets through the Plan's self-directed brokerage account as of December 31, 2014. Defendants neither admit nor deny the allegations contained in the second sentence of Paragraph 60 of the Amended Complaint, which constitute Plaintiffs' characterizations of the documents cited

therein, and respectfully refer the Court to the documents cited in Paragraph 60 for the exact content and context thereof. Defendants deny the remaining allegations contained in Paragraph 60.

61.     Defendants admit the allegations contained in footnote 5. Defendants neither admit nor deny the allegations contained in Paragraph 61 of the Amended Complaint, which either contain legal conclusions as to which no response is required or constitute Plaintiffs' characterizations of the referenced documents. Defendants respectfully refer the Court to the referenced documents for the exact content and context thereof.

62.     Defendants neither admit nor deny the allegations contained in Paragraph 62 of the Amended Complaint, which constitute Plaintiffs' characterizations of the cited document, and respectfully refer the Court to the cited document for the exact content and context thereof.

63.     Defendants neither admit nor deny the allegations contained in the first sentence of Paragraph 63 of the Amended Complaint, which constitute Plaintiffs' characterizations of the cited documents, and respectfully refer the Court to the cited documents for the exact content and context thereof. Defendants neither admit nor deny the allegations contained in the second sentence of Paragraph 63 of the Amended Complaint, which constitute broad introductory statements unrelated to the Plan, Plaintiffs, or Defendants and as to which no response is required. Defendants neither admit nor deny the allegations contained in the third sentence of Paragraph 63, which contain legal conclusions as to which no response is required.

64.     Defendants deny the allegations contained in the first two sentences of Paragraph 64 of the Amended Complaint. Defendants neither admit nor deny the remaining allegations contained in Paragraph 64 of the Amended Complaint, which constitute Plaintiffs' characterizations of the documents cited therein, and respectfully refer the Court to the

documents described in Paragraph 64 for the exact content and context thereof.

65. Defendants neither admit nor deny the allegations contained in Paragraph 65 of the Amended Complaint, which constitute legal conclusions as to which no response is required.

66. Defendants neither admit nor deny the allegations contained in Paragraph 66 of the Amended Complaint, which constitute Plaintiffs' characterizations of the documents cited in Paragraphs 67-69, and respectfully refer the Court to the documents described in Paragraphs 67-69 for the exact content and context thereof.

67. Defendants neither admit nor deny the allegations contained in Paragraph 67 of the Amended Complaint, which constitute Plaintiffs' characterizations of the cited documents, and respectfully refer the Court to the cited documents for the exact content and context thereof.

68. Defendants neither admit nor deny the allegations contained in Paragraph 68 of the Amended Complaint, which constitute Plaintiffs' characterizations of the cited documents, and respectfully refer the Court to the cited documents for the exact content and context thereof.

69. Defendants neither admit nor deny the allegations contained in Paragraph 69 of the Amended Complaint, which constitute Plaintiffs' characterizations of the cited documents, and respectfully refer the Court to the cited documents for the exact content and context thereof.

70. Defendants admit the allegations contained in the first two sentences of footnote 6 regarding the investments offered to Plan participants, but deny allegations in those sentences regarding a share of "American Century" purportedly held by "JPMorgan." Defendants further deny the remaining allegations contained in footnote 6, as well as those in Paragraph 70 of the Amended Complaint.

71. Defendants neither admit nor deny the allegations contained in Paragraph 71 of the Amended Complaint, which constitute legal conclusions as to which no response is required.

72.     Defendants deny the allegations contained in Paragraph 72 of the Amended Complaint.

73.     Defendants admit that the Plan's investment lineup includes investments managed by ACIM.  Defendants otherwise deny the allegations contained in Paragraph 73 of the Amended Complaint and in footnote 7.

74.     Defendants neither admit nor deny the allegations contained in Paragraph 74 of the Amended Complaint, which constitute Plaintiffs' characterization of the document and information described therein, and respectfully refer the Court to the document and information described in Paragraph 74 for the exact content and context thereof.

75.     Defendants deny the allegations in the first and fourth sentences of Paragraph 75 of the Amended Complaint.  Defendants neither admit nor deny the remaining allegations contained in Paragraph 75 which constitute Plaintiffs' characterization of the document cited therein, and respectfully refer the Court to the document cited in Paragraph 75 the exact content and context thereof.

76.     Defendants deny the allegations contained in Paragraph 76 of the Amended Complaint, except that Defendants neither admit nor deny the allegations contained in Paragraph 76 that constitute Plaintiffs' characterizations of expense ratios listed in the public filings for the mutual funds available under the Plan as well as other mutual funds, and respectfully refer the Court to those documents for the exact content and context thereof.  Defendants neither admit nor deny the allegations contained in footnotes eight to ten, which constitute Plaintiffs' characterizations of an investigation they allege to have performed.

77.     Defendants neither admit nor deny the allegations contained in the second sentence of Paragraph 77 and in footnote 11 that constitute Plaintiffs' characterization of the

documents and court filings described in footnote 11, and respectfully refer the Court to the documents and court filings described in Paragraph 77 for the exact content and context thereof. Defendants otherwise deny the allegations contained in Paragraph 77 and footnote 11.

78. Defendants deny the allegations contained in Paragraph 78 of the Amended Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Amended Complaint.

80. Defendants deny the allegations contained in the first, sixth, and seventh sentences of Paragraph 80 of the Amended Complaint. Defendants neither admit nor deny the remaining allegations contained in Paragraph 80, which constitute broad introductory statements unrelated to the Plan, Plaintiffs, or Defendants and as to which no response is required.

81. Defendants admit that in 2013 ACIM introduced R6 share classes for certain of its mutual funds, including some made available to participants under the Plan. Defendants further admit that, on August 15, 2014, the Plan began to offer R6 share classes for certain of the Plan's investment options, and that on that same date it began to offer collective trusts for other strategies that were analogous to mutual funds available to participants in the Plan prior to August 15, 2014. Defendants neither admit nor deny the allegations contained in the second, third, and fourth sentences of Paragraph 81 of the Amended Complaint that constitute Plaintiffs' characterization of the documents described therein, and respectfully refer the Court to the documents described in Paragraph 81 for the exact content and context thereof. Defendants deny the remaining allegations in Paragraph 81 and footnote 12.

82. Defendants deny the allegations contained in the first sentence of Paragraph 82 of the Amended Complaint. Defendants admit the allegations contained in the second sentence of

Paragraph 82. Defendants neither admit nor deny the allegations contained in the remaining sentences of Paragraph 82 that constitute Plaintiffs' characterization of the document described therein, and respectfully refer the Court to the document described in Paragraph 82 for the exact content and context thereof.

83. Defendants neither admit nor deny the allegations contained in the second and third sentences of Paragraph 83 of the Amended Complaint that constitute Plaintiffs' characterization of an unidentified document cited therein. Defendants deny the remaining allegations in Paragraph 83.

84. Defendants deny the allegations contained in Paragraph 84 of the Amended Complaint.

85. Defendants admit that, in the first six months after the American Century One Choice 2013 Fund first began offering R6 shares, $14 million was invested in that fund's R6 share class. Defendants further admit that tens of millions of dollars were invested in the R6 share class for this fund and other ACIM-managed funds in the first six months the R6 share class was offered for those funds. Defendants deny the remaining allegations contained in Paragraph 85 of the Amended Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the Amended Complaint.

87. Defendants admit that recordkeeping is a necessary service for a defined contribution plan. Defendants neither admit nor deny the remaining allegations contained in Paragraph 87 of the Amended Complaint, which constitute broad introductory statements unrelated to the Plan, Plaintiffs, or Defendants and as to which no response is required.

88. Defendants deny the allegations contained in Paragraph 88 of the Amended

Complaint.

89.     Defendants deny the allegations contained in Paragraph 89 of the Amended
Complaint.

90.     Defendants neither admit nor deny the allegations contained in Paragraph 90 of
the Amended Complaint, which constitute legal conclusions as to which no response is required.

91.     Defendants deny the allegations contained in Paragraph 91.

92.     Defendants neither admit nor deny the allegations contained in Paragraph 92 of
the Amended Complaint, which constitute legal conclusions as to which no response is required.

93.     Defendants neither admit nor deny the allegations contained in Paragraph 93 of
the Amended Complaint, which constitute Plaintiffs' characterizations of an investigation they
allegedly performed.

94.     Defendants deny the allegations contained in the first sentence of Paragraph 94 of
the Amended Complaint.  Defendants neither admit nor deny the remaining allegations contained
in Paragraph 94 which constitute Plaintiffs' characterization of the document described therein
and a comparison to their alleged investigation, and respectfully refer the Court to the document
described in Paragraph 94 the exact content and context thereof.  Defendants otherwise deny the
allegations contained in Paragraph 94.

95.     Defendants admit that control of American Century Retirement Plan Services was
transferred to JPMorgan Chase & Co. in 2003.  To the extent the remaining allegations in
Paragraph 95 and footnote 13 constitute Plaintiffs' characterizations of the document described
in footnote 13, Defendants neither admit nor deny those allegations and instead respectfully refer
the Court to the document described in footnote 13 for the exact content and context thereof.  To
the extent the remaining allegations in Paragraph 95 and footnote 13 do not constitute Plaintiffs'

characterizations of that document, Defendants deny the remaining allegations in Paragraph 95 and footnote 13.

96.     Defendants deny the allegations contained in Paragraph 96 of the Amended Complaint.

97.     Defendants admit that, in November 2013, the Plan's recordkeeper became Schwab Retirement Services, Inc. ("Schwab RS"), and that prior to this date Schwab RS provided services in connection with the Plan's self-directed brokerage account.  Defendants deny the remaining allegations contained in Paragraph 97 of the Amended Complaint.

98.     Defendants admit that Schwab RS makes available a wide range of mutual funds to its clients, including some managed by ACIM, but otherwise deny the allegations contained in Paragraph 98 of the Amended Complaint.

99.     Defendants deny that any of them pay a "kickback" to Schwab RS.  Defendants neither admit nor deny the remaining allegations contained in Paragraph 99 of the Amended Complaint, which constitute Plaintiffs' characterizations of the information contained in the website cited in footnote 15, and respectfully refer the Court to the cited website for the exact content and context thereof.

100.     Defendants deny the allegations contained in Paragraph 100 of the Amended Complaint.

101.     To the extent that the allegations contained in Paragraph 101 of the Amended Complaint and footnote 16 constitute Plaintiffs' characterizations of the referenced documents, Defendants neither admit nor deny such allegations and respectfully refer the Court to the referenced documents for the exact content and context thereof.  Defendants otherwise deny the allegations contained in Paragraph 101.

102.     Defendants deny the allegations contained in Paragraph 102 of the Amended Complaint.

103.     Defendants deny the allegations contained in Paragraph 103 of the Amended Complaint.

104.     Defendants admit the allegations contained in Paragraph 104 of the Amended Complaint.  Defendants further admit the first sentence of footnote 17, and admit that Plaintiffs refer to the U.S. Government Money Market Fund as the Premium Money Market Fund in the Amended Complaint.

105.     Defendants admit that, in the six years preceding the filing of this lawsuit, the Plan's money market funds had expense ratios over 0.45%.  Defendants deny the remaining allegations in the first sentence of Paragraph 105 of the Amended Complaint.  The remaining allegations in Paragraph 105 constitute a mathematical comparison of two numbers for which no response is needed.

106.      Defendants deny the allegations contained in Paragraph 106 of the Amended Complaint.

107.     Defendants neither admit nor deny the allegations contained in Paragraph 107 of the Amended Complaint, which constitute Plaintiffs' characterizations of the cited documents, and respectfully refer the Court to the cited documents for the exact content and context thereof.

108.     Defendants neither admit nor deny the allegations contained in Paragraph 108 of the Amended Complaint, which constitute Plaintiffs' characterizations of the cited documents, and respectfully refer the Court to the cited documents for the exact content and context thereof.

109.     Defendants admit that participants in the Plan have been offered two money market funds managed by ACIM, but otherwise deny the allegations contained in Paragraph 109

of the Amended Complaint.

110.    Defendants deny the first sentence of Paragraph 110 of the Amended Complaint, and further deny the performance figures provided for the Capital Preservation Fund and Premium Money Market Fund in Paragraph 110.  Defendants neither admit nor deny the remaining allegations contained in Paragraph 110, which constitute Plaintiffs' characterizations of cited data, and respectfully refer the Court to the cited data for the exact content and context thereof.

111.    Defendants deny the allegations contained in Paragraph 111 of the Amended Complaint.

112.    Defendants deny the allegations contained in Paragraph 112 of the Amended Complaint.

113.    Defendants admit that, until the Vista Fund merged with the Heritage Fund in 2013, the Plan offered Plan participants the opportunity to invest in the Vista Fund as one of several investment options.  Defendants further admit that Plan participants chose to invest approximately $13.6 million through the Plan in the Vista Fund as of the end of 2010 and approximately $11 million through the Plan as of 2011.  Defendants neither admit nor deny the allegations contained in the fourth and fifth sentences of Paragraph 113 of the Amended Complaint that constitute Plaintiffs' characterizations of performance information listed in the public filings for the Vista Fund, and respectfully refer the Court to those documents for the exact content and context thereof.  Defendants deny the remaining allegations contained in Paragraph 113.

114.    Defendants neither admit nor deny the allegations contained in Paragraph 114 of the Amended Complaint, which constitute Plaintiffs' characterizations of the cited document,

and respectfully refer the Court to the cited document for the exact content and context thereof.

115.    Defendants deny the allegations contained in Paragraph 115 of the Amended Complaint.

116.    Defendants admit that the Plan offers Plan participants the opportunity to invest in the International Bond Fund as one of several investment options, but otherwise deny the allegations contained in Paragraph 116 of the Amended Complaint.

117.    Defendants neither admit nor deny the allegations contained in the first sentence of Paragraph 117 of the Amended Complaint, which constitute Plaintiffs' characterizations of the referenced document, and respectfully refer the Court to the referenced document for the exact content and context thereof.  Defendants admit that the Plan has continued to offer the International Bond Fund and that the International Bond Fund's managers changed in January 2009, but deny the remaining allegations contained in Paragraph 117 and footnote 18.

118.    Defendants deny the allegations contained in Paragraph 118 of the Amended Complaint, except that Defendants neither admit nor deny the allegations contained in Paragraph 118 of the Amended Complaint that constitute Plaintiffs' characterizations of performance information listed in the public filings for the International Bond Fund, and respectfully refer the Court to those documents for the exact content and context thereof.

119.    Defendants deny the allegations contained in Paragraph 119 of the Amended Complaint.

120.    Defendants deny the allegations contained in Paragraph 120 of the Amended Complaint.

121.    Defendants neither admit nor deny the allegations contained in the first sentence of Paragraph 121 of the Amended Complaint, which constitute legal conclusions as to which no

response is required. In response to the allegations contained in the second sentence of Paragraph 121, Defendants admit that Plaintiffs purport to bring this action on behalf of the Plan and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, but deny that certification of the proposed class is appropriate in this case.

122. In response to the allegations contained in Paragraph 122 of the Amended Complaint, Defendants admit that Plaintiffs seek certification of the class as defined, but deny that certification of the proposed class is appropriate in this case. Defendants further admit that Plaintiffs purport to have reserved their right to propose other or additional classes.

123. Defendants deny the allegations in the first sentence of Paragraph 123 of the Amended Complaint and deny that certification of the proposed class is appropriate in this case. Defendants admit that the Plan has had between approximately 2,000 and 2,250 participants during points in time since June 30, 2010.

124. Defendants deny the allegations in Paragraph 124 of the Amended Complaint and deny that certification of the proposed class is appropriate in this case.

125. Defendants deny the allegations in Paragraph 125 of the Amended Complaint and deny that certification of the proposed class is appropriate in this case.

126. Defendants deny the allegations in Paragraph 126 of the Amended Complaint and deny that certification of the proposed class is appropriate in this case.

127. Defendants deny the allegations in Paragraph 127 of the Amended Complaint and deny that certification of the proposed class is appropriate in this case.

128. Defendants deny the allegations in Paragraph 128 of the Amended Complaint and deny that certification of the proposed class is appropriate in this case.

129. Defendants deny the allegations in Paragraph 129 of the Amended Complaint and

deny that certification of the proposed class is appropriate in this case.

130.    Defendants neither admit nor deny the allegations contained in Paragraph 130 of the Amended Complaint, which constitute legal conclusions as to which no response is required.

131.    Defendants neither admit nor deny the allegations contained in Paragraph 131 of the Amended Complaint, which constitute legal conclusions as to which no response is required.

132.    Defendants neither admit nor deny the allegations contained in Paragraph 132 of the Amended Complaint, which constitute legal conclusions as to which no response is required.

133.    Defendants deny the allegations contained in Paragraph 133 of the Amended Complaint.

134.    Defendants deny the allegations contained in Paragraph 134 of the Amended Complaint.

135.    Defendants deny the allegations contained in Paragraph 135 of the Amended Complaint.

136.    Defendants deny the allegations contained in Paragraph 136 of the Amended Complaint.

137.    Defendants deny the allegations contained in Paragraph 137 of the Amended Complaint.

138.    Defendants neither admit nor deny the allegations contained in Paragraph 138 of the Amended Complaint, which constitute legal conclusions as to which no response is required.

139.    Defendants neither admit nor deny the allegations contained in Paragraph 139 of the Amended Complaint, which constitute Plaintiffs' characterizations of the Plan Document, and respectfully refer the Court to the Plan Document for the exact content and context thereof.

140.    Defendants neither admit nor deny the allegations contained in Paragraph 140 of

the Amended Complaint, which constitute legal conclusions as to which no response is required.

141. Defendants neither admit nor deny the allegations contained in Paragraph 141 of the Amended Complaint, which constitute legal conclusions as to which no response is required.

142. Defendants neither admit nor deny the allegations contained in Paragraph 142 of the Amended Complaint, which constitute legal conclusions as to which no response is required.

143. Defendants deny the allegations contained in Paragraph 143 of the Amended Complaint.

144. Defendants deny the allegations contained in Paragraph 144 of the Amended Complaint.

145. Defendants deny the allegations contained in Paragraph 145 of the Amended Complaint.

146. Defendants neither admit nor deny the allegations contained in Paragraph 146 of the Amended Complaint, which constitute legal conclusions as to which no response is required.

147. Defendants admit that the Plan lineup has included investments managed by ACIM and for which ACIM received investment management fees, but otherwise deny the allegations contained in Paragraph 147 of the Amended Complaint.

148. Defendants admit that, for the mutual funds managed by ACIM that are available for Plan participants to invest in through the Plan, ACIM received fees and expenses from those investment options monthly and then used a portion of those fees to compensate ACS for its services as a transfer-agent and dividend-paying agent for the mutual funds. Defendants otherwise deny the allegations contained in Paragraph 148 of the Amended Complaint.

149. Defendants deny the allegations contained in Paragraph 149 of the Amended Complaint.

150. Defendants deny the allegations contained in Paragraph 150 of the Amended Complaint.

151. Defendants deny the allegations contained in Paragraph 151 of the Amended Complaint.

152. Defendants neither admit nor deny the allegations contained in Paragraph 152 of the Amended Complaint, which constitute legal conclusions as to which no response is required.

153. Defendants deny the allegations contained in Paragraph 153 of the Amended Complaint.

154. Defendants admit that ACIM and ACIS received consideration for services provided to the investment options offered in the Plan lineup. Defendants otherwise deny the allegations contained in Paragraph 154 of the Amended Complaint.

155. Defendants deny the allegations contained in Paragraph 155 of the Amended Complaint.

156. Defendants deny the allegations contained in Paragraph 156 of the Amended Complaint.

157. Defendants deny the allegations contained in Paragraph 157 of the Amended Complaint.

158. Defendants deny the allegations contained in Paragraph 158 of the Amended Complaint.

159. Defendants neither admit nor deny the allegations contained in Paragraph 159 of the Amended Complaint, which constitute legal conclusions as to which no response is required.

160. Defendants deny the allegations contained in Paragraph 160 of the Amended Complaint.

161.     Defendants deny the allegations contained in Paragraph 161 of the Amended Complaint.

162.     Defendants deny the allegations contained in Paragraph 162 of the Amended Complaint.

163.     Defendants deny the allegations contained in Paragraph 163 of the Amended Complaint.

164.     Defendants deny the allegations contained in Paragraph 164 of the Amended Complaint.

165.     Defendants deny the allegations contained in Paragraph 165 of the Amended Complaint.

The remainder of Plaintiffs' Amended Complaint constitutes a prayer for relief as to which no response is required.  To the extent a response is required, Defendants admit that Plaintiffs purport to seek the relief listed, but deny that Plaintiffs have any claims against Defendants or right to relief.

## DEFENSES

Defendants advance the following defenses to the Amended Complaint.  The defenses asserted below will apply, or will not apply, in varying degrees to members of the putative class including Plaintiffs, depending upon the particular factual circumstances of each individual member of the putative class.  By setting forth these defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiffs.  Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiffs' allegations.

First Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

Second Defense

Plaintiffs lack standing to bring claims regarding funds in which the Plaintiffs did not invest.

Third Defense

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations and repose, including but not limited to ERISA § 413, 29 U.S.C. § 1113, to the extent that Plaintiffs had knowledge of their alleged claims more than three years prior to filing the Amended Complaint and/or that the conduct giving rise to Plaintiffs' claim occurred more than six years prior to the filing of the Amended Complaint.

Fourth Defense

Plaintiffs have not suffered any legally cognizable losses, damages or injury from their purported investments in the funds available under the Plan.

Fifth Defense

Any loss, damage or injury sustained by Plaintiffs on behalf of the Plan was not directly or proximately caused by the alleged breach of fiduciary duty as set forth in the Amended Complaint.

Sixth Defense

The Defendants acted at all times and in all respects in good faith and with due care, and did not engage in any conduct which would constitute a breach of fiduciary duty or a failure to monitor fiduciaries.

Seventh Defense

Plaintiffs cannot establish that ACS and ACIM acted as fiduciaries with respect to the conduct alleged in the Amended Complaint.

Eighth Defense

Plaintiffs' claims are barred, in whole or in part, because the Amended Complaint seeks relief that cannot be obtained under ERISA §§ 409 and 502(a)(2), 29 U.S.C. §§ 1109 and 1132(a)(2), and it seeks relief that is not "other appropriate equitable relief" available under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

Ninth Defense

Plaintiffs' claims are barred in whole or in part by ERISA § 404(c), 29 U.S.C. § 1104(c), because Plaintiffs exercised control over their plan accounts.

Tenth Defense

Plaintiffs' claims are barred, in whole or in part, because advisory fees paid by investment companies are governed not by ERISA but by the Investment Company Act of 1940, as amended.

Eleventh Defense

Plaintiffs have proximately caused, contributed to, and/or failed to mitigate an any and all harm and/or loss claimed.

Twelfth Defense

Plaintiffs' claims are barred by the doctrine of laches, waiver, and/or estoppel.

Thirteenth Defense

Plaintiffs' claims are barred to the extent that Plaintiffs released and/or covenanted to not sue Defendants regarding the ERISA claims brought in the Amended Complaint. For example,

27

Borcherding's claims are barred by the terms of the release and covenant not to use that he signed to the extent his claims arose before July 19, 2012. D.E. 54.

Fourteenth Defense

The claims of Plaintiffs and the members of the purported classes are barred by their failure to exhaust administrative remedies.

Fifteenth Defense

To the extent that this action seeks exemplary or punitive damages, any such relief would violate Defendants' rights to procedural and substantive due process.

Sixteenth Defense

To the extent any action by Defendants otherwise could constitute a prohibited transaction under ERISA § 406, 29 U.S.C. § 1106, that action falls within the scope of one or more exemptions to ERISA § 406, including but not limited to the exemptions provided in and/or authorized by ERISA § 408, 29 U.S.C. § 1108, and/or Prohibited Transaction Exemption 77-3.

**RESERVATION OF RIGHTS**

Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserve all rights to amend their answer to assert such defenses.

**DEMAND FOR JUDGMENT**

WHEREFORE, Defendants respectfully request that the Court:

a) dismiss the Amended Complaint with prejudice;

b) award Defendants their attorneys' fees and costs; and

c) grant such other and further relief as it deems just and proper.

Dated:  March 13, 2017                                    Respectfully submitted,


                                                         **BRYAN CAVE LLP**


                                                         By:  */s/ W. Perry Brandt*
                                                              W. Perry Brandt, MO # 28292
                                                              1200 Main Street, Suite 3500
                                                              Kansas City, MO 64105
                                                              (816) 374-3200
                                                              (816) 374-3300 (Fax)
                                                              perry.brandt@bryancave.com

                                                         **GOODWIN PROCTER LLP**
                                                         James O. Fleckner (*admitted pro hac*)
                                                         Alison V. Douglass (*admitted pro hac*)
                                                         David Rosenberg (*admitted pro hac*)
                                                         100 Northern Avenue
                                                         Boston, MA  02210
                                                         (617) 570-1000
                                                         (617) 523-1231 (Fax)
                                                         jfleckner@goodwinlaw.com
                                                         adouglass@goodwinlaw.com
                                                         drosenberg@goodwinlaw.com

                                                         Samuel J. Rubin (*admitted pro hac*)
                                                         620 Eighth Avenue
                                                         New York City, New York 10018
                                                         (212) 813-8800
                                                         (212) 355-3333 (Fax)
                                                         srubin@goodwinlaw.com


                                                         **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 13th day of March, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

Michael F. Brady
Mark Kistler
Brady & Associates
10985 Cody Street, Suite 135
Overland Park, Kansas 66210
Phone: (913) 696-0925
Fax: (913) 696-0468
Email: brady@mbradylaw.com

Kai H. Richter
Carl F. Engstrom
Jacob T. Schutz
Nichols Kaster, PLLP
4600 IDS Center, 80 South 8th Street
Minneapolis, Minnesota 55402
Phone: (612) 256-3200
Fax: (612) 338-4878
Email: krichter@nka.com

Attorneys for Plaintiff

*s/ W. Perry Brandt*
W. Perry Brandt