IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| STEVE WILDMAN and ) | |
| JON BORCHERDING, ) | |
| Individually and as representatives of a ) | |
| class of similarly situated persons, and ) | |
| ON BEHALF OF THE AMERICAN ) | |
| CENTURY RETIREMENT PLAN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:16-CV-00737-DGK |
| ) | |
| AMERICAN CENTURY SERVICES, LLC, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

This putative class action involves claims for breach of fiduciary duty brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Plaintiffs Steve Wildman ("Wildman") and Jon Borcherding ("Borcherding") bring this suit on their own behalf and on the behalf of a proposed class claiming Defendants breached their fiduciary duties and engaged in prohibited transactions.

Now before the Court are Plaintiffs' Motion for Class Certification (Doc. 62), Defendants' Motion to Strike Plaintiffs' Reply (Doc. 79),[1] Plaintiffs' Notices of Supplemental Authority (Docs. 88, 105, 109, 111, 115, 152) and Defendants' Responses to Plaintiffs' Notice of Supplemental Authority (Docs. 90, 107, 110, 112, 116). For the following reasons, Plaintiffs'

---

[1] Both parties request oral argument on Plaintiffs' motion for class certification and Defendants request oral argument on their motion to strike Plaintiffs' reply brief. Because the Court has determined oral argument would not be helpful in resolving the issues, the requests for oral argument are denied. Both motions have been decided on the parties' written memoranda.

motion for class certification is GRANTED. Defendants' motion to strike Plaintiffs' reply brief is DENIED.

**Factual Background**

Defendant American Century Companies, Inc. ("American Century") makes the American Century Retirement Plan (the "Plan") available to its eligible employees and the employees of its affiliates. The Plan is a defined contribution 401(k) plan[2] that allows participants to contribute a percentage of their pre-tax earnings and invest those contributions among different investment options.

Plaintiffs Wildman and Borcherding are former American Century employees. Wildman has participated in the Plan from 2005 to the present day. Borcherding participated in the Plan from 1996 until 2012. Plaintiffs assert approximately 2,000 to 2,500 people participated in the Plan from June 30, 2010, to the present day.

The American Century Retirement Plan Retirement Committee (the "Committee") is responsible for selecting, retaining, and reviewing the investment options in the Plan and overseeing the Plan's investment and administrative expenses. Until 2016, the investment options were generally limited to American Century mutual funds, American Century collective investment trusts, and shares of American Century common stock. The Plan also offers a self-directed brokerage account that allows participants to invest in stocks, bonds, and mutual funds not affiliated with American Century.

Plaintiffs filed this ERISA lawsuit on June 30, 2016. In their Amended Complaint, Plaintiffs assert five counts pursuant to 29 U.S.C. § 1132(a)(2) and (3) on behalf of the Plan. Count I asserts Defendants breached their duties of loyalty and prudence in violation of 29

---

[2] The Plan is an "employee pension benefit plan" and a "defined contribution plan" within the meaning of 29 U.S.C. §§ 1002(2)(A), (34).

2

U.S.C. § 1104(a)(1)(A)-(B).  Count II alleges Defendants failed to monitor the Committee and Committee members.  Counts III and IV allege Defendants engaged in prohibited transactions in violation of 29 U.S.C. § 1106(a)(1) and (b).  Count V is a claim for other equitable relief based on ill-gotten proceeds recoverable under 29 U.S.C. § 1132(a)(3).

Plaintiffs allege Defendants breached their fiduciary duties to the Plan, causing the Plan to suffer losses.  Specifically, Plaintiffs believe Defendants selected and retained proprietary funds, despite their high cost and poor performance, in order to further the self-interest of American Century.  Plaintiffs also allege Defendants acted disloyally by not capturing revenue-sharing payments and by failing to promptly convert certain funds' shares to a lower-cost share class.  In addition, Plaintiffs contend Defendants caused the Plan to pay unreasonable record-keeping fees because they failed to negotiate the existing contract or put the service up for competitive bidding.

Plaintiffs propose defining the class as,

> All participants and beneficiaries of the American Century Retirement Plan at the time on or after June 30, 2010, excluding Defendants, employees with responsibility for the Plan's investment or administrative functions, and members of the American Century Services, LLC Board of Directors.

Pls.' Mot at 8 (Doc. 65).

On February 27, 2017, the Court granted in part, Defendants' Motion for Summary Judgment because Wildman and Borcherding's claims were partially barred by a release they signed when they were laid off from American Century.  The Court found the release of claims was valid as to Borcherding's claims that arose on or before July 19, 2012, but not Wildman's.

3

**Standard**

Federal rule of Civil Procedure 23 governs class certification. A party seeking class certification must satisfy all of the requirements of Rule 23(a) and at least one of the requirements of Rule 23(b). *Id.* The requirements under Rule 23(a) are satisfied when "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). These requirements are typically summarized as numerosity, commonality, typicality, and adequacy. *In re Constar Int'l Inc. Sec. Litig.*, 585 F.3d 774, 780 (3d Cir. 2009).

Plaintiffs pursue certification under Rule 23(b)(1).[3] Under this rule, a party seeking class certification must satisfy the court that "prosecuting separate actions by or against individual class members would create a risk of" either:

> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interest of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

Fed. R. Civ. P. 23(b)(1).

The Court has broad discretion to determine whether class certification is appropriate. *Shapiro*, 626 F.2d at 71. The court must engage in "a rigorous analysis" to ensure the

---

[3] In their Amended Complaint, Plaintiffs state class certification is also appropriate under Rule 23(b)(3) but did not include that argument in their motion for class certification. Am. Compl. at 56 (Doc. 28). Therefore, the Court will only consider certification under Rule 23(b)(1).

4

requirements of Rule 23 are met. *Wal-Mart Store, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). Plaintiffs bear the burden of demonstrating that the proposed class meets Rule 23 requirements. *See Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994).

In considering whether class certification is appropriate, the Court does not address the merits of the parties' claims and defenses, but does probe behind the pleadings and look to what the parties must prove. *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 160-61 (1982); *Elizabeth M. v. Montenez*, 458 F.3d 779, 786 (8th Cir. 2006). "In conducting this preliminary inquiry, however, the court must look only so far as to determine whether, given the factual setting of the case, if the plaintiff's general allegations are true, common evidence could suffice to make out a prima facie case for the class." *Blades v. Monsanto Co.*, 400 F.3d 562, 566 (8th Cir. 2005).

## Discussion

### I.  Plaintiffs have standing to bring this lawsuit.

Before moving to the merits of the class certification motion, the Court addresses Defendants' argument that Plaintiffs' class definition is overbroad because it includes members who suffered no injury and thus lack standing.

Standing requires a plaintiff to demonstrate he has an "injury in fact" that is "fairly traceable to the challenged action of the defendant" and that the injury "is likely [to] be redressed by a favorable decision." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009). "[A] plaintiff with Article III standing may proceed under § 1132(a)(2) on behalf of the plan or other participants." *Id.* at 593.

Defendants argue that due to individual investment decisions by members of the proposed class, some Plan participants did not suffer a loss to their account and therefore lack standing.[4]

Defendants' argument has no merit. Plaintiffs' claims are brought in a representative capacity on behalf of the Plan. *See* 29 U.S.C. § 1132(a). Individual investment decisions are not relevant to Plaintiffs' claims. *See Braden*, 588 F.3d at 593. Plaintiffs allege the Plan was injured by, among other things, failing to capture revenue-sharing payments, retaining a high-cost record-keeper, and engaging in prohibited transactions. Plaintiffs further allege that these injuries are traceable to Defendants' conduct and are likely to be redressed by a favorable decision.

## II.  The Court grants Plaintiffs' motion for class certification.

Next, the Court addresses the arguments in the parties' memoranda regarding class certification. As already discussed, Plaintiffs bring their claims in a representative capacity under 29 U.S.C. § 1132(a)(2) and (3) which allows an ERISA plan participant to bring a civil action on behalf of a plan for relief under § 1109. Section 1109 imposes personal liability on a plan fiduciary for plan losses resulting from a breach of the fiduciary's duties and obligations to the plan. *Id.* at § 1109.

### A. The Rule 23(a) factors are satisfied.

#### 1. The numerosity requirement is satisfied.

There is no magic number to satisfy the numerosity requirement; the putative class must simply be so numerous that joinder of all class members is impractical. *In re St. Jude Med., Inc.*, 425 F.3d 1116, 1119 (8th Cir. 2005). Here, Plaintiffs assert during the class period there were

---

[4] Defendants also argue some participants released some or all of their claims, but this argument is more aligned with an attack of Plaintiffs' typicality argument.

approximately 2,000 to 2,500 Plan participants. Defendants do not address the numerosity requirement in their response. Therefore, given the number of potential class members, the Court finds the numerosity requirement is met.

### 2. The commonality requirement is satisfied.

To satisfy Rule 23(a)(2)'s commonality requirement, the plaintiff must do more than show the presence of common questions of law or fact. *Dukes*, 564 U.S. at 349-50. "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" *Luiken v. Domino's Pizza, LLC*, 705 F.3d 370, 376 (8th Cir. 2013) (quoting *Dukes*, 654 U.S. at 349-50), and that class-wide resolution will generate common answers that will resolve the litigation. *Dukes*, 564 U.S. at 350.

Plaintiffs do little to argue commonality exists except to quote a Northern District of California order finding commonality existed because "the common focus is on the conduct of the Defendants: whether they breached their fiduciary duties to the Plan as a whole by paying excessive fees, [and] whether they made imprudent investment decisions." Pls.' Sugg. in Supp. at 10 (Doc. 65) (quoting *Kanawi v. Bechtel Corp.*, 254 F.R.D. 102, 109 (N.D. Cal. 2008)).

Defendants' response is similarly sparse on argument but seems to argue: (1) individual investment decisions made by each class member bar a finding of commonality; and (2) Plaintiffs' claims are actually individual in nature.

For the most part, Defendants repeat their standing arguments to argue commonality is not present in this case. First, Defendants claim commonality is not present because the class includes participants regardless of their investment decisions which would require "an individualized analysis of how much each investor has been damaged," citing *In re Principal U.S. Property Account ERISA Litigation*, No. 10-cv-00198, 2013 WL 7218827, at *27 (S.D.

7

Iowa Sept. 30, 2013). Further, Defendants argue the proposed class could include those who suffered no harm because they invested in funds not included in Plaintiffs' complaint. Defendants' use of *In re Principal* is little help to the Court in its commonality analysis because it relies on a discussion of the typicality requirement.[5]

Next, Defendants attack Plaintiffs' position that they are seeking relief on behalf of the Plan as a whole. Defendants argue Plaintiffs' claims are actually an aggregation of individual accounts, citing *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248, 255-56 (2008). The Supreme Court held in *LaRue* that an individual 401(k) participant had a cognizable claim under § 1132(a)(2) for injuries sustained by the plan. 552 U.S. at 256. It did not find that an action brought under § 1132(a)(2) was a claim for individual relief.

The Court finds Plaintiffs have met the commonality requirement, but minimally. Plaintiffs do nothing to state what the common questions of law or fact are in this case. It is not the Court's role to define the common questions of law or fact in order to certify a class. *See, e.g.*, *Coleman*, 40 F.3d at 258 (finding plaintiffs bear the burden of demonstrating that the proposed class meets Rule 23 requirements). Nonetheless, the Court finds there are numerous questions of law and fact that are capable of class-wide resolution, and that answers to these common questions will generate answers common to all of the putative class members and will resolve the litigation.

### 3. The typicality requirement is met.

The test for typicality is not "onerous" and focuses on whether the "other members of the class . . . have the same or similar grievances as the plaintiff." *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 559 (8th Cir. 1982). Typicality "is generally considered to be satisfied if the claims or

---

[5] Equally unpersuasive is Defendants' reliance on *Spano v. The Boeing Co.*, 633 F.3d 574, 588, 591 (7th Cir. 2011) quoting statements from the court's Rule 23(b)(1)(B) analysis and a comment made on the adequacy of a class representative.

defenses of the representatives and the members of the class stem from a single event or are based on the same legal or remedial theory." *Id.* at 561-62 (internal quotation and citation omitted). This is true even if there are "[f]actual variations in the individual claims." *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996). "The burden is fairly easily met so long as other class members have claims similar to the named plaintiff." *Id.* (internal quotations and citation omitted). "A proposed class representative is not . . . typical if it is subject to a unique defense that threatens to play a major role in the litigation." *In re Milk Prod. Antitrust Lit.*, 195 F.3d 430, 437 (8th Cir. 1999).

Plaintiffs argue typicality is met because they assert their claims on behalf of the Plan as a whole and do not base any of their claims on any unique facts specific to themselves or any particular investment. On the other hand, Defendants argue Wildman's and Borcherding's claims are atypical of those of the class because they are subject to unique defenses including a "release of claims" and the statute of limitations. Defs.' Sugg. in Opp. at 12.

The Court finds Wildman's and Borcherding's claims are typical of those of the putative class members because all class members are participants in the Plan, and the alleged breaches of fiduciary duties were directed to the Plan rather than to individual participants. The Court has already ruled on the issues of the release of claims and the statute of limitations. *See* Order on Mot. for Summ. J. (Doc. 54). The Court finds Defendants have not shown Wildman and Borcherding will need to devote significant time and effort litigating these defenses or that they will threaten to play a major role in this case.

### 4. The adequacy requirement is met.

The parties also dispute whether Plaintiffs are adequate representatives of the proposed class. Rule 23(a)(4) requires class representatives to "vigorously prosecute the interests of the

class through qualified counsel." *Paxton*, 688 F.2d at 562-63. Class representatives must also have "common interests with the members of the class." *Id.* The adequacy inquiry seeks "to uncover conflicts of interest between named parties and the class they represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997).

Defendants do not separately address the adequacy requirement aside from their combined typicality and adequacy argument.[6] Plaintiffs state Wildman and Borcherding do not know of any conflicts of interest with other class members and that their interests in pursuing recovery on behalf of the Plan are aligned with the Plan. Therefore, the Court finds Plaintiffs have met their burden of demonstrating Wildman and Borcherding are adequate class representatives.

Turning next to the adequacy of Plaintiffs' counsel, Defendants do not address whether Plaintiffs' attorneys are adequate class counsel. Plaintiffs' counsel identified numerous ERISA actions in which they have acted as class counsel. Pls.' Sugg. in Supp. at 12, Ex. 1. Plaintiffs' counsel also state they have actively participated in motion practice and discovery in the present matter. *Id.* Accordingly, the Court finds Plaintiffs' counsel are adequate class counsel.

**B. Plaintiffs have met the requirements under Rule 23(b)(1).**

Plaintiffs move to certify the class under Rule 23(b)(1) and argue both sections (A) and (B) are satisfied in this case. "Classes certified under [Rule 23](b)(1) . . . share the most traditional justifications for class treatment—that individual adjudications would be impossible or unworkable . . . ." *Dukes*, 564 U.S. at 361.

---

[6] In a footnote Defendants argue there is a risk of intra-class conflict because the release of claims signed by Wildman and Borcherding were similar to 175 other former employees during the class period. Defs.' Sugg. in Opp. at 12, n.37. Defendants do not expound further on how this creates a conflict of interest between the members of the proposed class and so the Court does not address the argument.

Plaintiffs argue Rule 23(b)(1)(A) is met because individual adjudications could establish incompatible standards of conduct for Defendants. As to subsection (B), Plaintiffs argue this case could dispose of the same claims brought by other participants and failure to certify the class would leave future plaintiffs without relief.

In opposition, Defendants argue certification under 23(b)(1) is inappropriate because Plaintiffs seek monetary damages and (b)(3) is the exclusive subsection for this type of relief, relying on *LaRue* and *Owner-Operator Indep. Drivers Ass'n, Inc. v. New Prime Inc.*, 339 F.3d 1001, 1011-12 (8th Cir. 2003). Defendants also argue 23(b)(1)(B) is only proper in cases where the defendant is in receivership or when plaintiff faces a limited fund.

Neither *LaRue* nor *Owner-Operator* identify a blanket prohibition against a Rule 23(b)(1) class certification in which monetary relief is sought. Additionally, subsection 23(b)(1)(B) is not restricted to only limited fund situations—many courts have certified a class under Rule 23(b)(1)(B) alleging breach of ERISA fiduciary duties. *See, e.g.*, *Krueger v. Ameriprise Financial, Inc.*, 304 F.R.D. 559 (D. Minn. 2014); *Moore v. Comcast Corp.*, 268 F.R.D. 530 (E.D. Pa. 2010); *Jones v. NovaStar Financial, Inc.*, 257 F.R.D. 181 (W.D. Mo. 2009); *In re Merck*, Nos. 05-1151 (SRC), 05-2369(SRC), 2009 WL 331426 (D.N.J. Feb. 10, 2009); *In re Williams Cos. ERISA Litig.*, 231 F.R.D. 416 (N.D. Okla. 2005).

The Court finds both subsections of Rule 23(b)(1) are met. First, as to subsection (A), Defendants owe fiduciary duties to the Plan and therefore, separate lawsuits by individual Plan participants could establish incompatible standards governing Defendants' conduct. For example, Defendants could face differing adjudications regarding the prudent process for determining reasonable recordkeeping fees and investment alternatives. As to subsection (B),

because Plaintiffs seek Plan-wide relief, adjudication of Plaintiffs' claims would be dispositive of the interest of all plan participants.

### III. The Court denies Defendants' motion to strike.

Defendants move to strike the declarations attached to Plaintiffs' reply brief or, in the alternative, the entire reply brief (Doc. 80). Defendants assert Plaintiffs improperly submitted on reply the expert report of Steve Pomerantz, Ph.D. ("Pomerantz") and additional declarations by the two named plaintiffs. Defendants argue the Court should not consider these declarations because they go to Plaintiffs' case in chief rather than to rebut the points in Defendants' expert report.

District courts enjoy considerable discretion when ruling on a motion to strike. *See Nationwide Ins. Co. v. Cent. Mo. Elec. Coop., Inc.*, 278 F.3d 742, 748 (8th Cir. 2001).

The parties negotiated, and the Court approved, a scheduling order that afforded Defendants an additional three weeks to submit a brief in opposition of class certification if the motion for class certification relied on expert opinions. Plaintiffs did not submit any expert reports with their motion for class certification, and thus, Defendants filed their response without the benefit of the additional time. In their brief in opposition, Defendants fervently argued Plaintiffs failed to submit the requisite evidence to support their motion. In reply, Plaintiffs submitted the Pomerantz report and additional declarations of the named plaintiffs.

The Court finds it appropriate to deny Defendants' motion to strike. First, the Court finds nothing in Plaintiffs' reply brief that strays beyond the points raised in its opening brief. Plaintiffs crafted their reply brief in direct response to the points raised in Defendants' brief in opposition. As to the expert report and declarations, Defendants' brief in opposition relies

almost exclusively on Plaintiffs' lack of evidentiary support for their motion and it appears Plaintiffs submitted these additional documents to rebut Defendants' arguments.

The Court limits its use of the Pomerantz report and the additional declarations of the named plaintiffs for rebutting the arguments raised in Defendants' brief in opposition only. Defendants' motion to strike the declarations attached to Plaintiffs' reply brief or in the alternative, the reply brief, is denied.

**Conclusion**

For the reasons stated above, Defendants' motion to strike Plaintiffs' reply brief is DENIED and Plaintiffs' motion to certify class action is GRANTED. The Court certifies the following class under Rule 23(b)(1):

> All participants and beneficiaries of the American Century Retirement Plan at the time on or after June 30, 2010, excluding Defendants, employees with responsibility for the Plan's investment or administrative functions, and members of the American Century Services, LLC Board of Directors.

The named Plaintiffs are appointed as class representatives. The Court appoints Nichols Kaster, PLLP, as class counsel and Brady and Associates, LLP, as local counsel.

It is FURTHER ORDERED that the parties meet and confer regarding a trial date for this case. The parties should file an amended proposed scheduling order setting a trial date on or before January 5, 2018.

**IT IS SO ORDERED.**

Date:  December 6, 2017                       /s/ Greg Kays
                                              GREG KAYS, CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT