IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| STEVE WILDMAN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:16-CV-00737-DGK |
| | ) |
| AMERICAN CENTURY SERVICES, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF ROGER LEVY

This case concerns allegations Defendants violated various provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Plaintiffs are former employees of Defendants' and participated in the company's 401(k) retirement plan. Plaintiffs allege Defendants, in their roles as employer, plan sponsor, plan fiduciary, and investment manager of the funds in the plan, breached their duties of loyalty and prudence and caused the retirement plan to pay excessive fees.

Now before the Court is Defendants' motion to exclude the expert report and testimony of Roger Levy (Doc. 140),[1] Plaintiffs' expert witness related to the standard of care. For the reasons below, the motion is DENIED.

**Background**

According to the First Amended Complaint (Doc. 28), Plaintiffs assert claims against Defendants, the fiduciaries of the American Century Retirement Plan (the "Plan"), for breach of fiduciary duty and engaging in prohibited transactions under ERISA. Pertinent to this motion,

---

[1] Defendants' request for oral argument is denied because the Court has determined oral argument would not be helpful in resolving this issue. This motion has been decided on the parties' written memoranda.

from the beginning of the class period until September 2016, Defendants maintained a menu of investment options for the Plan that consisted exclusively of proprietary American Century funds. Plaintiffs allege these proprietary funds underperformed relative to their marketplace competitors and charged higher than average investment management fees. Plaintiffs allege these actions breached the duties of loyalty and prudence under ERISA.

Mr. Levy's proposed testimony concerns prudent retirement plan fiduciary practices. Mr. Levy's experience includes 30 years' in fiduciary consulting including consulting with retirement plan sponsors and investment advisors. He has a Masters of Laws degree and has been designated an Accredited Investment Fiduciary Analyst. Additionally, he has published articles on the topic of fiduciary best practices and lectures on the topic at industry conferences.

Mr. Levy opines that the Plan's fiduciaries did not act in a manner consisted with prudent fiduciary practices based on his experience in the fiduciary industry. In his analysis, he provides examples of conduct by the Plan's fiduciaries that do not meet the applicable standard of care. This is the first case Mr. Levy has testified as an expert witness.

**Standard**

An expert witness may testify if he satisfies four general requirements. First, he must be "qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Second, his expert testimony must "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Third, the expert's testimony must reflect reliable and scientifically valid reasoning and methodology. Fed. R. Evid. 702(c); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–94 (1993). Fourth, the expert must have "reliably applied the principles and methods" to "sufficient facts or data." Fed. R. Evid. 702(b), (d).

The party seeking admission of expert testimony has the burden of establishing admissibility by a preponderance of the evidence. *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001). A court should exclude expert testimony "only if it is so fundamentally unsupported that it can offer no assistance to the jury." *Johnson v. Mead Johnson & Co.*, 754 F.3d 557, 562 (8th Cir. 2014).

## Discussion

Defendants seek to exclude Mr. Levy's testimony and expert report because: (1) his opinions are legal conclusions; (2) he is not qualified by education and experience to give opinions on the standard of care in this particular case; (3) his opinions are baseless; and (4) some of his opinions are contrary to the facts in the record. In a *Daubert* motion, first the Court must determine whether Mr. Levy is qualified to give the opinions he propounds and second must determine if his opinions are reliable given the methods used and heir factual basis.

Before addressing Mr. Levy's qualifications, Defendants assert several of Mr. Levy's opinions are impermissible legal conclusions.[2] The Court agrees Mr. Levy may not testify as to legal conclusions. *In re Acceptance Ins. Co. Securities Litigation*, 423 F.3d 899, 905 (8th Cir. 2005) (finding district court did not err in excluding expert affidavits that were "more or less legal conclusions" about the facts of the case). However, after reviewing the paragraphs highlighted by Defendants, the Court holds these opinions are not legal conclusions.

---

[2] Citing to paragraphs 8(a)-(k), 23, 27, 28 (first sentence), 29 (first and second sentences), 34, 35 (first and second sentences), 39 (third and fourth sentences), 43 (first and second sentences), 45, 51, 56 (second sentence), 57, 72 n.50, 74 (last sentence), 75, 76 (second sentence), 77, 79, 80 (fourth and fifth sentences), 86 (first sentence), 89 (last sentence), 92 (last sentence), 95, 97 (second sentence), 98 & n.98, 100 (second and last sentences), 103 (third sentence through last sentence), 106 & n.120, 109 (third sentence), 111, 112 (last sentence), 113 (last sentence), 116 (first sentence), and 117 (first sentence). (Doc. 142 at 7).

## I. Mr. Levy is qualified to testify on the standard of care.

Defendants argue Mr. Levy is not qualified to give opinions on the standard of care of retirement plan fiduciaries because he lacks relevant experience. Defendants argue Mr. Levy's experience is with providing consulting services to investment advisors and not plan committees, and that he has no experience with the practices of fiduciaries of a retirement plan for a mutual fund company. Plaintiffs respond there is not a special subset of fiduciary practices that uniquely apply to retirement plans sponsored by mutual fund companies because all ERISA fiduciaries are subject to the same standard of care. Plaintiffs also contend Mr. Levy's experience in fiduciary consulting more than qualifies him to testify on the standard of care in this case.

This case is currently set for a bench trial commencing on August 27, 2018. As discussed previously, the policy behind allowing district judges to serve as a gatekeeper of expert testimony under *Daubert* is the protection of juries. *See, e.g., Attorney General of Oklahoma v. Tyson Foods, Inc.*, 565 F.3d 769, 779 (10th Cir. 2009) (noting that *Daubert* applies to nonjury trials but "the usual concerns regarding unreliable expert testimony reaching a jury obviously do not arise when a district court is conducting a bench trial"). The risk of confusing or misleading a jury is not an issue. Having reviewed the record, the Court is satisfied, initially, that Mr. Levy is qualified to testify regarding the standard of care for ERISA plan fiduciaries.

## II. Mr. Levy's experience provides sufficient basis for his opinions.

Next, Defendants argue Mr. Levy's opinions are baseless or are grounded a standard not widely adopted among fiduciaries. Plaintiffs argue the basis for many of Mr. Levy's opinions are his extensive experience in the industry. The Court agrees that relevant experience can be the basis of qualification of an expert's opinions. *See Fed. Crop Ins. Corp. v. Hester*, 765 F.2d 723,

4

Case 4:16-cv-00737-DGK   Document 187   Filed 05/22/18   Page 4 of 5

728 (8th Cir. 1985) ("A witness's practical experience can be the basis of qualification as an expert.").

### III. Challenges to the factual basis of Mr. Levy's opinions go to the weight not admissibility of his testimony.

Lastly, Defendants argue some of Mr. Levy's opinions are contrary to the factual record. The general rule is that "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility." *Hartley v. Dillard's, Inc.*, 310 F.3d 1054, 1061 (8th Cir. 2002) (quotation omitted). "Only if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded." *Johnson*, 754 F.3d at 562.

In reviewing the record, the Court does not find Mr. Levy's opinions so fundamentally unsupported that they can offer no assistance to the Court. Defendants' attacks on the factual basis of Mr. Levy's opinions and inconsistencies between his report and his deposition testimony go to the weight it should be given, not its admissibility.

### Conclusion

Defendants' motion to exclude the expert report and testimony of Mr. Levy is denied.

**IT IS SO ORDERED.**

Date: May 22, 2018                             /s/ Greg Kays
                                               GREG KAYS, CHIEF JUDGE
                                               UNITED STATES DISTRICT COURT