IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| STEVE WILDMAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-00737-DGK |
| | ) | |
| AMERICAN CENTURY SERVICES, LLC, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER DENYING PLAINTIFFS' MOTIONS IN LIMINE AND DENYING DEFENDANTS' MOTION IN LIMINE

This case involves claims for breach of fiduciary duty and prohibited transactions pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Plaintiffs Steve Wildman ("Wildman") and Jon Borcherding ("Borcherding"), participants in the American Century Retirement Plan (the "Plan") established by Defendant American Century Investment Management, Inc. ("ACIM"), bring this suit on their own behalf, and on behalf of a class of participants in the Plan, against Defendants American Century Services, LLC ("ACS"), ACIM, American Century Companies, Inc. ("ACC") (ACIM, ACS, and ACC collectively "American Century"), the American Century Retirement Plan Retirement Committee (the "Committee"), and past and present members of the Committee,[1] seeking damages and declaratory and injunctive relief.

Now before the Court is Plaintiffs' motions in limine (Docs. 201 & 204) and Defendants' motion in limine (Doc. 206). For the following reasons, the motions are DENIED.

---

[1] The members named are: Christopher Bouffard, Bradley C. Cloverdyke, John A. Leis, Tina S. Ussery-Franklin, Margaret E. Van Wagoner, Gudrun S. Neumann, Julie A. Smith, Margie A. Morrison, Chat Cowherd, Diane Gallagher, and unknown fiduciary defendants 1-10 (collectively "Committee Members").

**Standard**

Generally, relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Trial courts have "broad discretion in determining the relevance of proposed evidence." *United States v. Williams*, 545 F.2d 47, 49 (8th Cir. 1976). "The threshold for relevance is quite minimal." *United States v. Nadeau*, 598 F.3d 966, 968 (8th Cir. 2010).

**Discussion**

**I.     Plaintiffs' motions in limine are DENIED.**

Plaintiffs seek to preclude American Century from introducing any evidence or argument related to: (1) releases signed by absent class members; and (2) American Century's contributions to its employees' retirement plan accounts, because they argue these categories of evidence are irrelevant or otherwise inadmissible.

**A.     Evidence regarding six representative releases relating to releases of liability for absent class members is relevant.**

First, Plaintiffs seek to exclude evidence, testimony, and argument related to six representative releases of liability on the basis that these documents are irrelevant.

In response to Plaintiffs' discovery requests seeking documents concerning absent class member releases, Defendants produced six representative releases. These documents represent releases of liability that some class members executed when they terminated their employment with American Century. At summary judgment, the Court considered the releases of liability executed by Plaintiffs Wildman and Borcherding. *See* (Doc. 54 at 6-8). Defendants claim that the language used in the representative releases contain nearly identical language the Court considered at summary judgment and are relevant to their defense that Plaintiffs' claims are barred.

Plaintiffs complain that these representative agreements are not relevant because they are unsigned and not a substitute for the actual, signed agreements, they represent. Defendants complain that Plaintiffs did not raise an issue with these representative releases, never filed a motion to compel production of the actual releases, and never sought to depose a corporate representative who could testify as to the releases for the absent class members, and are only now complaining about the releases on the eve of trial.

The Court finds evidence of releases of liability are relevant to Defendants' defense that Plaintiffs' claims are barred by a release. *See* (Doc. 54 at 6-8) (considering the validity of releases of liability for the named plaintiffs including the analysis the Court must undertake to determine whether a release is valid and enforceable). Accordingly, Plaintiffs' motion is denied.

**B.     Evidence regarding contributions to employees' retirement accounts is relevant.**

Next, Plaintiffs seek to exclude evidence regarding American Century's contributions to its employees' retirement plan accounts on the basis that it is irrelevant.

On summary judgment, Defendants argued that American Century's contributions to its employees' retirement account invoked the Prohibited Transaction Exemption 77-3 ("PTE 77-3") as applied to Plaintiffs' prohibited transaction claim under Count IV. *See* (Doc. 185 at 14-15). The Court found those contributions did not invoke PTE 77-3 because Defendants made those contributions as employers, not as fiduciaries. Now Defendants state they are seeking to introduce this evidence for the purpose of rebutting Plaintiff's allegations that Defendants acted disloyally, under Count I, and to offset any potential damages.

The Court finds this evidence is relevant to rebut Plaintiffs' claim Defendants breach their duty of loyalty and as to any damages. Plaintiffs are seeking to prove that Defendants breached their duty through an "array of conduct." Defendants' evidence that they acted in a contrary

manner is relevant to rebut those claims. *See* (Doc. 185 at 9) (denying Defendants' motion for summary judgment on Count I and observing "Plaintiffs argue Defendants breached their duties through an array of conduct."). Thus, Plaintiffs' motion is denied.

**II.     Defendants' motion in limine is DENIED.**

Defendants seek to preclude Plaintiffs from offering testimony from their expert witnesses relating to the state of mind or intention of the Committee members.

The Court has already considered Defendants' challenges Plaintiffs' experts on the basis that the opinions were legal conclusions and that the experts were not qualified. *See* (Docs. 186 & 187) (denying Defendants' Daubert motions). Defendants now challenge Plaintiffs' proposed expert testimony on the basis that it will produce statements concerning the Committee members' state of mind or intentions.

Expert witnesses cannot testify as to a party's state of mind. *Lipp v. Ginger C, L.L.C.*, No. 2:15-CV-04257-NKL, 2017 WL 277613, at *4 (W.D. Mo. Jan. 19, 2017).

Looking at the specific statements Defendants list as examples of objectionable testimony, the Court finds they are not impermissible state of mind testimony, at least in the context provided in this motion. Accordingly, the motion is denied.

**IT IS SO ORDERED.**

Date:  August 3, 2018  /s/ Greg Kays                                 .
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT