**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| STEVE WILDMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN CENTURY SERVICES, LLC, et al.,<br><br>Defendants. | ) | No. 4:16-CV-00737-DGK |

**ORDER ON EVIDENTIARY MOTIONS**

This case involves claims for breach of fiduciary duty and prohibited transactions pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.

Now before the Court are Plaintiffs' motion to (1) compel Defendants to supplement discovery; and (2) prohibit Defendants from introducing at trial two internal emails and the testimony of a witness not timely disclosed (Doc. 239), and Defendant's motion to exclude various exhibits on the basis of hearsay (Doc. 236). For the following reasons, the motions are GRANTED IN PART.

**I. Plaintiffs' motion is granted in part.**

**A. Defendants must supplement its production of certain Plan data.**

Plaintiffs request that Defendants supplement its production of three categories of materials: (1) Retirement Committee meeting minutes; (2) quarterly plan data; and (3) 408b-2 disclosures. Plaintiffs point to their original request for production numbers 5, 10, 12, 14, 26, 43, and 49, as encompassing these requested documents. Defendants initially agreed to provide this information, but five days later told Plaintiffs they no longer intended to supplement the discovery. The current data extends to only mid-2017.

Federal Rule of Civil Procedure 26(e), requires a party to supplement certain discovery when the party learns that the response is incomplete and the additional information is not otherwise known to the other party. "[A] party has a duty to supplement prior responses to interrogatories or requests for production to include information thereafter acquired . . . . [I]t is assumed that the information will be supplemented up to the time of trial." *Hall v. Mo. Highway & Transp. Comm'n*, No. 4:96CV1042 SNL, 2001 WL 861739, *1 (E.D. Mo. Apr. 5, 2001); *Carmody v. Kansas City Bd. of Police Comm'rs*, No. 11-CV-00160-DW, 2012 WL 12896525, *5 (W.D. Mo. Aug. 27, 2012) (finding Rule 26(a) & (e) "impose affirmative duties on the producing, not receiving, party").

Plaintiffs argue this information is necessary for the upcoming bench trial because it will help the Court evaluate the current state of the Plan, assess damages, and consider equitable relief. Plaintiffs also state this information refutes Defendants' assertion that all Plan participants have an above-average knowledge of investment products and are not interested in passive index funds. Defendants argue that Plaintiffs are attempting to "reopen" discovery or to file a discovery dispute motion well after the time permitted in the scheduling order.

Here, Plaintiffs seek supplementation of documents produced during discovery which they are entitled to under the Rules. By requesting supplemental discovery Plaintiffs are not re-opening discovery or filing an out of time discovery motion.

Defendants argue the instructions accompanying the original request for production limit production to the close of discovery. The relevant portions of the instructions to the original request for production state:

**INSTRUCTIONS**

> 2. These requests are expressly made continuing, requiring additional and supplemental responses when additional documents

> or things come into the possession, custody or control of Defendants or their attorneys or agents, until the instant action is fully and finally resolved.
>
> . . .
>
> 9. Should a responsive Document have been changed, edited, revised, updated or modified in any way during the Subject Period, Defendants are requested to provide copies of each version of said Document.
>
> **DEFINITIONS**
>
> 17. "Subject Period" means June 30, 2010 through the present and up to the close of discovery in this litigation.

(Doc. 242-2 at 3, 4, 6). Instruction 2 makes it clear that all requests are continuing until the conclusion of this action. Instruction 9 does not change this and only instructs on the situation when a document is modified *during* the Subject Period. It does not state that production is limited to the Subject Period.

Defendants also argue the requests were limited to the Subject Period. However, Plaintiffs are seeking documents under request numbers 5, 10, 12, 14, 26, 43, and 49, which were not limited to the Subject Period.

Accordingly, Plaintiffs' motion on this issue is granted.

### B. Patrick Bannigan's testimony is excluded as untimely.

Plaintiffs seek to exclude testimony of Defendants' fact witness Patrick Bannigan ("Bannigan") because his name was untimely disclosed, causing prejudice.

Bannigan is the Chief Financial Officer at American Century and was first associated with this case when he submitted a declaration as part of Defendants' summary judgment motion. Defendants first identified Bannigan as a fact witness in a supplemental disclosure made at the

same time Defendants disclosed Bannigan on its trial witness list. Bannigan's testimony is expected to rebut Plaintiffs' accounting for profits claim.

Plaintiffs argue they are harmed by this late disclosure because they did not get a chance to depose Bannigan. *See Winters v. PACCAR, Inc.*, No. 15-00749-CV-W-DW, 2017 WL 5957775, at *4 (W.D. Mo. Apr. 27, 2017) (granting motion in limine preventing testimony from a newly disclosed witness, finding moving party was prejudiced because it did not have the opportunity to depose the witness).

The disclosure obligation of Rule 26(a)(1) "applies to claims and defenses, and therefore requires a party to disclose information it may use to support its denial or *rebuttal* of the allegations, claim, or defense of another party." Fed. R. Civ. P. 26(a)(1) cmt. to 2000 amendments (emphasis added).

Here, Plaintiffs' complaint seeks disgorgement of ill-gotten profits. Defendants denied the allegations associated with this claim in its answer and designated Bannigan to testify in rebuttal to this claim. This proposed testimony clearly relates to Defendants' denial of Plaintiffs' claim. Consequently, Defendants' reliance on a "rebuttal" exception to the disclosure requirements is rejected.

Defendants were required to disclose the name of any individual "likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1). Defendants' description of Bannigan's proposed testimony makes it clear that it falls within this category. Thus, the Court finds Defendants violated Rule 26(a)(1) by failing to disclose the identity of Bannigan during discovery. *See Roederer v. J. Garcia Carrion, S.A.*, No. CIV. 06-213 JNE/SRN, 2010 WL 489529, at *6–7 (D. Minn. Feb. 4, 2010).

Rule 37 prohibits a party from introducing evidence at trial that was not disclosed during discovery "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). A district court has "wide discretion" in fashioning a sanction or remedy for violations of Rule 26. *Wegener v. Johnson,* 527 F.3d 687, 692 (8th Cir. 2008). In fashioning a sanction or remedy, a court should consider the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the testimony would disrupt the order and efficiency of the trial, and the importance of the testimony. *Id.*

Defendants provide no explanation for failing to disclose Bannigan in its Rule 26(a)(1) disclosures. Accordingly, Defendants' failure to disclose Bannigan is not substantially justified.

Instead, Defendants argue it is premature to rule on Bannigan's expected testimony because he will only be called as a rebuttal witness and Plaintiffs themselves have reserved the right to call *unnamed* witnesses for rebuttal. Defendants maintain that by providing Plaintiffs the name of one of its rebuttal witnesses, they are giving Plaintiffs more notice than they themselves are providing Defendants. The Court agrees with the premise, "[r]ebuttal witnesses are oftentimes not known until after the trial is commenced because the need to call such a witness may not arise until the opposing party introduces an argument in issue or a fact during the course of the trial which must now, unexpectedly, be rebutted." *Matthews v. Commonwealth Edison Co.*, No. 93 C 4140, 1995 WL 478820, (N.D. Ill. March 24, 1995). However, that is not the case here. Defendants knew Plaintiffs' claims involved an accounting for profits and as such designated Bannigan to address that claim. Accordingly, Plaintiffs' motion is granted on this issue.

**C. The two emails are admissible.**

Lastly, Plaintiffs seek to exclude two internal emails because Defendants disclosed them after the close of discovery and the untimely disclosure has prejudiced them.

Defendants explain discovery in this case was voluminous, over 50,000 documents, and that these two emails were initially coded as "non-responsive" by the document review team. Once these two emails were uncovered by trial counsel they were given to Plaintiffs. Defendants state these two emails corroborate the testimony of the relevant witnesses, are not voluminous, and do not change the parties' respective positions or the substance of anticipated witness testimony.

The Court finds that while generally documents not disclosed are inadmissible, the facts of this case do not warrant their exclusion. These emails appear to corroborate expected witness testimony, and do not alter the facts in this case. Thus, the Court finds Plaintiffs have not been prejudiced by their untimely disclosure.

## II. Defendants' motion is granted in part.

Defendants seek to exclude: (1) forty-two of Plaintiffs' exhibits which are charts, images, and documents attached to their experts' reports;[1] and (2) nine documents Plaintiffs plan to use to impeach Defendants' expert witnesses, on the basis that these exhibits are inadmissible hearsay.

### A. Plaintiffs' experts' charts, images, and documents are admissible for purposes of demonstrating the underlying basis for the experts' opinions.

Defendants complain that the forty-two exhibits associated with Plaintiffs' experts' reports, consisting of tabular and graphical representations of the various opinion expressed in the reports, are inadmissible hearsay. Plaintiffs argue these exhibits are not hearsay because they visually depict their experts' opinions and the underlying basis for those opinions.

Only an expert's testimony is admissible. *See, e.g.*, *Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 728 (6th Cir. 1994) ("Rule 702 permits the admission of expert opinion *testimony* not opinions contained in documents prepared out of court." (emphasis in original));

[1] Defendants do not object to these exhibits as trial demonstratives.

*Sutfin v. City of Bono, Ark.*, No. 07–CV–00124–WRW, 2009 WL 1955438, at *1 (E.D. Ark. July 6, 2009) (finding the expert's curriculum vitae and report were inadmissible hearsay).

An expert may rely on inadmissible facts and data to form the basis of an opinion, as long as "experts in the particular field would reasonably rely on those kinds of facts or data." Fed. R. Evid. 703. Rule 703 evidence is not generally regarded as hearsay. *See Boone v. Moore*, 980 F.2d 539, 542 (8th Cir. 1992). This type of evidence is never admitted for the truth of the matter asserted, but simply to show a basis for an expert's opinion. *See id.* (noting the evidence is "simply to indicate the information and material relied upon by the expert").

To the extent the Plaintiffs seek to admit their experts' reports and curricula vitae, Defendants' motion is granted. Any charts that provide the underlying basis for Plaintiffs' experts' opinions are admissible.

The Court defers ruling on whether the charts that depict the experts' opinions are admissible. Plaintiffs cite to two out of circuit cases to support their argument that some courts permit experts to testify in the form of a chart. *See Granite Partners, L.P. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 96 CIV.7874(RWS), 2002 WL 826956, at *7 (S.D.N.Y. May 1, 2002) (permitting the use of charts by an expert to explain his opinion) (citing to *United States v. Kohlman*, 469 F.2d 247, 252 (2d Cir. 1972)); *GenSci OrthoBiologics v. Osteotech, Inc.*, No. CV 99-10111 MRP, 2001 WL 36239743, at *23 (C.D. Cal. Oct. 18, 2001) (finding an expert may present his or her conclusions in the form of a chart that summarizes evidence or the expert's opinions). The Court acknowledges this is a bench trial and so issues relating to the jury are not present. The Court also acknowledges charts may be helpful given the complex financial nature of the anticipated testimony. However, the Court defkers ruling on this issue in order to consider the motion in the context of the trial.

**B. Plaintiffs' exhibits for impeachment and to introduce prior inconsistent statements are admissible.**

Lastly, Defendants seek to exclude documents Plaintiffs have designated to impeach Defendants' experts. Plaintiffs argue this evidence is not hearsay and some exhibits contain inconsistent statements made by Defendants' experts.

Impeachment evidence is not offered for the truth of the matter asserted, and therefore it is not hearsay. *Limbeya v. Holder*, 764 F.3d 894, 898 (8th Cir. 2014). "Evidence of prior inconsistent statements is admissible under Rule 613(b) of the Federal Rules of Evidence." *United States v. Cowling*, 648 F.3d 690, 697 (8th Cir. 2011).

Because Plaintiffs' purpose is to use these exhibits for impeachment or to introduce a prior inconsistent statement, Defendants' motion as to this issue is denied.

**IT IS SO ORDERED.**

Date: August 22, 2018

/s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT